**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EASTON BECKFORD,**

                **Plaintiff,**          06-CV-0561(Sr)

**v.**

**NEW YORK STATE OFFICE OF**
**MENTAL HEALTH, et al.,**

                **Defendants.**

---

**DECISION AND ORDER**

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #39.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Five Points Correctional Facility: defendants failed to provide him with proper mental health treatment; he was denied exercise; his water and electricity were shut off by defendants in violation of his Eighth Amendment rights; and, his rights under the Eighth Amendment, the Americans

with Disabilities Act and the Federal Rehabilitation Act of 1973 were violated because the Five Points Correctional Facility was not wheelchair accessible.  Dkt. #1.

In support of his motion for appointment of counsel, plaintiff asserts that the factual and legal issues presented are complex and that due to his limited education, plaintiff "will not be able to support his petition on the law."  Dkt. #39.  Plaintiff further argues that because he presently resides on the island of Jamaica, he will be unable to conduct an investigation and interview witnesses and he claims that he has no access to a law clerk or law library.  *Id*.  The Court notes that plaintiff filed the instant motion while residing in Jamaica.  *Id*.  Moreover, the Court further notes that in support of his motion for appointment of counsel, plaintiff submitted a detailed motion, an affidavit and a separate memorandum of law, complete with multiple case citations and extensive legal and factual analysis.  Dkt. ##39-41.  Additionally, defendants have filed a motion for summary judgment and plaintiff filed two affidavits, an affirmation and a memorandum of law in opposition to that motion.  Dkt. ##30-34.  As with the instant motion, plaintiff's opposition to defendants' motion for summary judgment sets forth extensive legal and factual analysis.  Defendants' motion for summary judgment is currently under advisement by this Court.

A review of the instant motion and plaintiff's opposition to defendants' motion for summary judgment reveals that plaintiff is more than capable of articulating his legal theories to the Court.  Moreover, the factual and legal issues presented in this matter are not complex.  Thus, plaintiff has not established that he is unable to

represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel (Dkt. #39), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 25, 2009

                                        s/ H. Kenneth Schroeder, Jr
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**